**Exhibit A**

**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 30, 2019

MR. JONATHAN DAVEY
**27328-058
FEDERAL CORRECTIONAL INSTITUTION ELKTON
POST OFFICE BOX 10
LISBON, OH 44432

*Davey v. FBI;* Civil Action No. 19-cv-0106
FOIPA Request No.: 1370106-000
 Subject: Black Diamond Ponzi Scheme
(January 1, 2009 – December 31, 2010)

Dear Mr. Davey:

This is in response to your above-referenced Freedom of Information Act (FOIA) request and litigation.

By letter dated March 6, 2017, you indicated your willingness to pay $25.00.  The Federal Bureau of Investigation (FBI) has located approximately 29,818 pages of records potentially responsive to the subject of your request.  By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00.

Please be advised that you are entitled to the first 100 pages free of charge.  Releases sent to a correctional institution will be made in paper.  You will only qualify for Compact Disc (CD) releases *if an alternate address is provided.*

 If releases are made on CD, you will receive the cost equivalent ($5.00) of 100 free pages as a credit towards the first release.  Each CD contains approximately 500 reviewed pages per release.  The 500 page estimate is based on our business practice of processing complex cases in segments.  If all potentially responsive pages are released on CD, you will owe $895.00 in duplication fees (60 CDs at $15.00 each less $5.00 credit for the first CD).  Additionally, the FBI located media files (audio/video) that are potentially responsive to your request. If the potentially responsive media is released, you will owe $45 (3 CDs at $15.00 each).

Should you request that releases be made in paper, you will owe $1,485.90 based on a duplication fee of five cents per page.  See 28 CFR § 16.10 and 16.49.

**The estimated total cost for processing your request is approximately $940 for CD releases (including media) or $1,485.90 for paper releases.**  Estimated fees will exceed $250; therefore, an advanced payment of 50% of total estimated costs will be required prior to moving the case forward.

Please remember this is only an estimate, and some of the information may be withheld in full pursuant to FOIA/Privacy Act exemption(s).  Also, some information may not be responsive to your subject.  Thus, the actual charges could be less.

**Requester Response**

You must notify us in writing within **thirty (30) days** from the date of this letter of your **format decision (paper or CD)** <u>and</u> **your preference** in the handling of the **estimated duplication fees** from the following options:

     \_\_\_     I want paper releases.

     \_\_\_     I want releases made on CD.  Below is my alternate address.

          _____

          _____

          _____

     \_\_\_     I am willing to pay estimated duplication fees up to the amount specified in this letter (***50% of payment is required with your response***).

     \_\_\_     I am willing to pay duplication fees of a different amount.

                  **Please specify amount:** _____

     \_\_\_     Provide me 100 pages or the cost equivalent ($5.00) free of charge.

     \_\_\_     Cancel my request.

If we do not receive your duplication format decision and estimated duplication fee selection (including advanced payment) within thirty (30) days of the date of this notification, your request may be closed. Include the FOIPA Request Number listed above in any communication regarding this matter.

Mail your response to: **Litigation Support Unit; Record Information/Dissemination Section; Information Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.  You may also fax your response to: 540-868-4997, Attention: Litigation Support Unit.

You may reduce the estimated duplication costs by narrowing the scope of your request.  To do so, please notify us by letter **at the address above**, **with a copy to AUSA Marsha W. Yee**, who represents the FBI in this case, at the **U.S. Attorney's Office for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530**.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records on individuals.  **"Part 3"** includes general information about FBI records that you may find useful.  Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."  The FOIPA Request Number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.  Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Please direct any further inquiries about this case to us, with a copy to AUSA Marsha W. Yee, at the addresses provided above.  Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Information Management Division

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests.  Part 2 includes additional standard responses that apply to all requests for records on individuals.  Part 3 includes general information about FBI records.  For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us."  Previously mentioned appeal and dispute resolution services are also available at the web address.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**  Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)].  FBI responses are limited to those records subject to the requirements of the FOIA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **National Security/Intelligence Records**.  The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)].  The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].  This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**  The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].  This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records for Incarcerated Individuals.**  The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].  This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found.  A reasonable search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling law enforcement, intelligence, and administrative functions.  The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide and includes Electronic Surveillance (ELSUR) records.  For additional information about our record searches visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**  Founded in 1908, the FBI carries out a dual law enforcement and national security mission.  As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**  The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets.  These criminal history records are not the same as material in an investigative "FBI file."  An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.  For a fee, individuals can request a copy of their Identity History Summary Check.  Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-historysummary-checks.  Additionally, requests can be submitted electronically at www.edo.cjis.gov.  For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **The National Name Check Program (NNCP).**  The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.  Please be advised that this is a service provided to other federal agencies.  Private citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ